ANDREW MURPHY, Respondent, v. JOHN BOTTOMER AND WILLIAM HAASE, Appellants.

*Bills and Notes — Consideration.* — A note given to procure the discharge of a criminal prosecution is without sufficient consideration to support the promise.

*Appeal from St. Louis Law Commissioner's Court.*

*E. Peacock,* for appellants.

*J. A. Beal,* for respondent.

FAGG, Judge, delivered the opinion of the court.

The only question that need be considered in this case, as it is presented by the record, is whether there was any consideration for the note sued upon. The suit was instituted before a justice of the peace of St. Louis county, and thence by appeal taken to the Law Commissioner's Court, where there was judgment for the plaintiff Murphy, and the case is now brought to this court by appeal. The defendant Bottomer seems to have been the principal in the note, and Haase the security.

It is shown by the testimony that, at the time of the execution of the note, Bottomer was under arrest as the witness, who was a justice of the peace, and who issued the warrant upon which he was arrested, says "upon a criminal charge." What the charge was is not stated, but that is not material. The officer stated further: "The affidavit was made by Murphy. I took Bottomer's bond for reappearance ; he appeared next day. Bottomer then gave plaintiff a note for thirty days (the note sued on), and Murphy wanted security, so Bottomer went and brought in defendant Haase, who signed the note jointly with him. After the note was given to plaintiff, the defendant Bottomer was discharged from custody. No consideration passed between Murphy and Haase at the time, nor between Bottomer and Haase. The debt claimed was sixty-three dollars, and five dollars for the costs of the criminal case. The costs were incorporated in the note. There was nothing said about dismissing the case if the amount was paid." This is the only witness who testified in reference to the circumstances connected with the execution of the note.

There were other facts and circumstances developed in the trial all tending to prove the fact, that if there was any pre-

tended consideration other than the dismissal of the prosecution against Bottomer, it was a criminal transaction in which the plaintiff Murphy figured quite as prominently as the defendant Bottomer. It cannot be pretended that there was any sufficient consideration to support the promise, and the judgment must be reversed and the cause remanded. The other judges concur.